# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MOMODOU JALLOW,** | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-64-TCB-AJB |
| | :: | |
| **UNITED STATES OF AMERICA,** | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-2583-TCB-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is confined at the Calhoun State Prison in Morgan, Georgia. Movant, pro se, filed a motion to dismiss for want of prosecution, [Doc. 11], and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, [Doc. 12].[1] Movant complains of the same thing in both motions – a pending detainer lodged with state authorities by the federal government regarding Movant's alleged violation of his supervised release imposed in this case. For the reasons discussed below, Movant's motions should be denied.[2]

---

[1] Unless otherwise indicated, all citations to the record in this Report and Recommendation refer to case number 1:08-cr-64-TCB-AJB.

[2] Movant's motion to dismiss for want of prosecution has not been formally submitted to the undersigned. However, because that motion is functionally identical to Movant's § 2255 motion, which has been submitted to the undersigned, it is most efficient to address both motions in this Report and Recommendation.

In June 2008, the District Court sentenced Movant to nine months' imprisonment, three years of supervised release, and restitution for embezzling funds in interstate commerce. [Doc. 7.] The conditions of Movant's supervised release included that he not commit another crime, illegally possess a controlled substance, or possess a firearm. [*Id.* at 3.] In June 2010, after he was released from federal prison and while he was serving his three-year term of supervised release, Movant was arrested in Cobb County, Georgia, for unlawful possession of marijuana and a firearm. [Doc. 10.] The State convicted Movant of those crimes and imprisoned him, where he remains today. [*Id.*]; *see* Ga. Dep't of Corr. Offender Search, http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp (last visited Aug. 27, 2012).

A petition for revocation of Movant's supervised release was filed with the Court in June 2010, and the Court issued a warrant for Movant's arrest. [Doc. 10.] As Movant has been in state custody since that time, the warrant has not been executed.

Movant complains in his motions that the Court has not conducted a hearing on the petition to revoke his supervised release. [Docs. 11, 12.] He suggests that federal authorities have lodged a detainer with state authorities to take custody of him for the alleged supervised release violation after his state sentence ends and that the detainer

AO 72A
(Rev.8/82)

is adversely affecting his current confinement and release from state custody. [*Id.*] Movant contends that the detainer should be removed because of the delay in bringing him back to this Court for supervised release revocation proceedings. [*Id.*]

Movant's motion to dismiss the revocation charges for want of prosecution is the more appropriate procedural vehicle for his claims. Although movant also presented his claims in a 28 U.S.C. § 2255 form motion, he does not challenge his federal conviction or the sentence imposed in this case. [Doc. 12.] Indeed, Movant cannot (and could not when he filed his § 2255 motion in July 2012) challenge his federal conviction or sentence under § 2255 because his federal sentence, including the three-year term of supervised release, ended in April 2012. Thus, Movant is no longer "in custody under sentence of a [federal] court," as required for the Court to have jurisdiction over his § 2255 motion. *See* 28 U.S.C. § 2255(a); *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989).

Movant's motion to dismiss the revocation charges should be denied because he has no right to a revocation hearing, or any other revocation proceeding, until federal officials take him into custody. The issuance of an arrest warrant for violation of supervised release and a delay in executing that warrant does not deprive a person of his constitutional rights. *See Moody v. Daggett*, 429 U.S. 78, 86, 89 (1976); *United*

3

*States v. Cunningham*, 150 Fed. Appx. 994, 996 (11th Cir. Oct. 21, 2005). Movant has not been taken into federal custody for violation of his supervised release; he has been in state custody since the petition for revocation of supervised release was filed in 2010.

The U.S. Court of Appeals for the Eleventh Circuit rejected a virtually identical claim by a state prisoner in *Cunningham*. The state prisoner in *Cunningham*, like Movant, committed a state drug crime while on federal supervised release and was sent to state prison. *Cunningham*, 150 Fed. Appx. at 995. A petition for revocation of the prisoner's supervised release was filed in the federal court, which issued an arrest warrant that was not executed. *Id.* The prisoner filed a motion in the federal court seeking a hearing in the revocation proceedings and transfer to federal prison, which the court denied. *Id.* The Eleventh Circuit affirmed, holding that "[t]he district court is not required to conduct a supervised release violation hearing until [the state prisoner] is taken into federal custody after he completes his sentences for the state convictions." *Id.* at 996.

The same result applies here. Movant's "argument that his due process rights were violated as a result of the delay between the district court's issuance of a warrant and any future supervised release violation hearing that may be held is without merit." *See id.* Movant is not entitled to a supervised release revocation hearing unless and

4

until he is taken into federal custody, which has not occurred. *See id.*; *see also United States v. Hinton*, 253 Fed. Appx. 839, 840 (11th Cir. Nov. 7, 2007) (holding no error in holding revocation hearing "over two years after [defendant's] violation of his supervised release" because defendant was not in federal custody during that time period).

Accordingly, **IT IS RECOMMENDED** that Movant's motion to dismiss for want of prosecution, [Doc. 11], be **DENIED**, his motion under 28 U.S.C. § 2255, [Doc. 12], be **DISMISSED FOR LACK OF JURISDICTION**, and that civil action number 1:12-cv-2583-TCB-AJB be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Movant be **DENIED** a certificate of appealability as to the dismissal of his § 2255 motion because he has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this 27th day of August, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)